S99Y1225. IN THE MATTER OF WILLIAM E. SUMNER.
S99Y1226. IN THE MATTER OF WILLIAM E. SUMNER.
S99Y1227. IN THE MATTER OF WILLIAM E. SUMNER.
S99Y1438. IN THE MATTER OF WILLIAM E. SUMNER.

(520 SE2d 905)

PER CURIAM.

These cases arise from three Notices of Discipline and two Formal Complaints filed by the State Bar against Respondent William E. Sumner alleging violations of Standards 4 (lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit or wilful misrepresentation); 44 (wilful abandonment or disregard of a legal matter to the client's detriment); 45 (b) (lawyer shall not knowingly make a false statement of law or fact); 63 (lawyer shall maintain complete records of all funds, securities and other properties of a client and render appropriate accounts); 65 (A) (lawyer shall not commingle client's funds with his own and shall not fail to account for trust property); 65 (D) (lawyer shall maintain trust account into which all funds held in a fiduciary capacity must be deposited, no personal funds shall ever be deposited into trust account, and no funds shall be withdrawn from trust account for lawyer's personal use except earned attorneys fees); and 68 (failure to respond to disciplinary authorities) of Bar Rule 4-102 (d). Upon Sumner's failure to file Notices of Rejection to the properly filed and served Notices of Discipline and failure to answer the properly filed and served Formal Complaints, Sumner is in default under Bar Rules 4-208.1 (b) and 4-212 (a), and the facts alleged and violations charged are deemed admitted and Sumner is subject to discipline by this Court. In all but one of the cases the recommended sanction for Sumner's violations of the disciplinary standards is disbarment.[1] We agree that disbarment

---

[1] We note that Sumner was suspended from practice on January 28, 1999 for failure to

is the appropriate sanction.

In virtually all of the cases, Sumner agreed to represent clients in legal matters, accepted funds in the nature of legal fees or to be held in his trust account in a fiduciary capacity, and then abandoned the legal matter to the client's detriment and/or failed to return the funds or to account for them, and utilized the funds for his personal benefit. Sumner repeatedly made false statements to clients regarding the status of their cases, assuring them he was performing legal services that, in fact, he was not. In case numbers S99Y1225-S99Y1227, the State Bar notes as aggravating factors Sumner's failure to respond to disciplinary authorities and his subsequent suspension from practice, his extensive experience in the practice of law (having been admitted in 1971), and the existence of other pending disciplinary matters against him, all of which suggest a pattern of misuse of client funds and professional deception. In case number S99Y1438, the special master also noted the aggravating factors of dishonest or selfish motive, pattern of misconduct, multiple offenses, bad faith obstruction of disciplinary proceedings, and substantial experience in the practice of law. We agree with the State Bar and the special master that disbarment is warranted for Sumner's repeated and egregious violations of Standards 4, 44, 45, 63, 65 (A), 65 (D), and 68 of Bar Rule 4-102 (d).[2]

Accordingly, Sumner is disbarred from the practice of law in the State of Georgia. To the extent he did not do so following his suspension from practice in January 1999, Sumner is reminded of his duties under Bar Rule 4-219 (c) to notify his clients of his inability to represent them and of the necessity of retaining new counsel, and to take all actions necessary to protect the interests of his clients.

*Disbarred. All the Justices concur.*

DECIDED SEPTEMBER 13, 1999.

*William P. Smith III; General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar,* for State Bar of Georgia.

---

respond to the Investigative Panel in three State Disciplinary Board file numbers, and remains suspended.

[2] We disagree with the recommendation in case number S99Y1225 that Sumner be given only a Review Panel reprimand for his admitted violations of Standards 4, 44, 45, 63, and 65.